IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL SMITH #760166 | : | CASE NO. |
| P.O. Box 788 | : | |
| Mansfield, OH 44901 | : | JUDGE: |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | COMPLAINT |
| | : | 42 U.S.C. § 1983 |
| ANETTE CHAMBERS SMITH | : | |
| 4545 Fisher Road | : | |
| Suite D | : | Jury Demand Endorsed Hereon |
| Columbus, OH 43228 | : | |
| | : | |
| and | : | |
| | : | |
| TIMOTHY McCONAHAY | : | |
| C/O Mansfield Correctional Institution | : | |
| Warden Mansfield Correctional | : | |
| 1150 N. Main Street | : | |
| Mansfield, OH 44903 | : | |
| | : | |
| and | : | |
| | : | |
| JAMES KENNARD | : | |
| C/O Mansfield Correctional Institution | : | |
| 150 N. Main Street | : | |
| Mansfield, OH 44903 | : | |
| | : | |
| and | : | |
| | : | |
| LISA BOOTH | : | |
| C/O Allen Correctional Institution | : | |
| 2338 N. West Street | : | |
| Lima, OH 45801 | : | |
| | : | |
| and | : | |

1

DAVID ROBINSON :
Administrative Assistant to Warden :
C/O Mansfield Correctional Institution :
150 N. Main Street :
Mansfield, OH 44903 :
 :
 :
    and :
 :
DANA BLAKENSHIP :
C/O Mansfield Correctional Institution :
150 N. Main Street :
Mansfield, OH 44903 :
 :
 :
    and :
 :
MATHEW SHEPPARD :
C/O Mansfield Correctional Institution :
150 N. Main Street :
Mansfield, OH 44903 :
 :
 :
    and :
 :
MATHEW MURIN :
C/O Mansfield Correctional Institution :
150 N. Main Street :
Mansfield, OH 44903 :
 : :
    and :
 :
John Doe Corrections Officer #1 :
 :
    and :
 :
John Doe Corrections Officer #2 :
 :
    and :
 :
John Doe Corrections Officer #3 :
 :
    and :
 :
Jane Doe Nurse :
 :
        Defendants. :
 :

2

Plaintiff, Darryl Smith, for his Complaint against all Defendants in their official capacity under the color of law, states as follows:

## JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under the color of law jurisdiction under 28 U.S.C. §1331 and 1343(a)(3).

2. The Northern District of Ohio is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to the claims occurred.

3. Plaintiff has exhausted all administrative remedies available under 42 U.S.C. § 1997(e), the Prison Litigation Reform Act.

## PARTIES

4. Plaintiff, Darryl Smith, was at all relevant times herein, and still remains a prisoner of the State of Ohio in the custody of the Ohio Department of Rehabilitation & Corrections (O.D.R.C), Prisoner No. A760166, and was confined at the Mansfield Correctional Institution (M.A.N.C.I.), in the City of Mansfield, County of Richland, State of Ohio.

5. Anette Chambers Smith is the Director of the Ohio Department of Rehabilitation and Corrections (O.D.R.C.)

6. Timothy McConahay at all relevant times herein was employed by O.D.R.C. and served as the Warden of Mansfield Correctional

7. James Kennard at all relevant times herein was employed by O.D.R.C. and served as the Unit Manager of Unit 4D of the Mansfield Correctional institution

8. Lisa Booth at all relevant times herein was employed by the O.D.R.C. and was an institutional inspector assigned to Mansfield Correctional.

9. David Robinson at relevant times herein was employed by the O.D.R.C. and was working as the Administrative Assistant to the Warden.

10. Dana Blakenship at all relevant times herein was employed by O.D.R.C. and was an institutional inspector assigned to Mansfield Correctional.

11. Mathew Sheppard, Mathew Murin, John Doe Correction Officers 1, 2 &3 were all employed by O.D.R.C. and were assigned as correctional officers at Mansfield Correctional.

12. Jane Doe Nurse was at all times relevant employed by O.D.R.C. and was the nurse who was on duty September 1, when Plaintiff was assaulted by Inmate Adams.

### FACTS SURROUNDING MARCH 18, 2022, ASSAULT

13. Plaintiff incorporates paragraphs 1- 12 as if fully rewritten herein.

14. On November 19, 2021, while the Plaintiff was incarcerated at Trumbull Correctional Institution (T.C.I.) he was granted protective control status pursuant to Ohio Administrative Code (O.A.C.). 5120-9-14.

15. On December 3, 2021, Plaintiff was transferred to Mansfield Correctional Institution (M.A.N.C.I.).

16. Upon arrival the Protective Control Order was ignored by Defendant McConahay and Department of Rehabilitation and Corrections Chief Shelly Branch, and as result Plaintiff was placed in the general population.

17. On the Morning of March 18, 2022, Plaintiff who was then and is still housed in Unit 4D sent an internal email, commonly referred to as a kite to his Unit Manager, James Kenard informing his that his cellmate, Daniel Williams, has alcohol in the form of wine, and also that Williams has a homemade knife.

18. The control number on the kite was 0322004685.

4

19. Plaintiff also advised Kennard that Williams had made a direct threat to stab him if Plaintiff did not move to another cell.

20. Plaintiff's notice was ignored completely, and no cell search was conducted to try and confiscate the weapon.

21. On March 18, 2022, between approximately 10:30 p.m. and 11:00 p.m., Inmate Williams stabbed Plaintiff several times with the homemade knife, a spork sharpened to a point.

22. Mathew Murin, a correction officer on duty at the time cheered on the attack and both Murin and other corrections officers called the Plaintiff a child molester and a snitch as they cheered on Williams and refused to intervene.

23. Plaintiff has never been accused, let alone charged as a child molester.

24. At approximately 12:00 a.m., March 19, while in the infirmary, photos were taken of Plaintiff's injuries by the on-duty nurse and the on-duty white shirt, a term commonly used for ranking corrections officers.

25. The photos were taken using cell phones. The photos were later destroyed or altered to eliminate their value as evidence.

26. The most serious injury was to the Plaintiff's left bicep area.

27. Plaintiff was never examined or treated by a licensed physician.

28. Plaintiff, despite only being the victim was placed in the hole, a common name for segregation, primarily used for discipline.

29. Plaintiff spent 11 days in the hole and was also issued a disciplinary ticket for fighting.

30. Plaintiff was ultimately found not guilty related to the charges.

31. Upon his release from the hole, Plaintiff was not placed back in his original Unit, but instead was assigned to Unit 4A, a Unit known for housing troublemakers.

32. No police report was made of the incident as required by Ohio Revised Code (O.R.C.) Section 2921.22. Pertaining to this incident the law enforcement agency that should have been notified is the Ohio State Highway Patrol.

33. In direct contrast, the inmate who stabbed Plaintiff was returned to his original Unit 4D and was also rewarded by being given one of the highest paying prison jobs.

34. On April 1, 2022, Smith talked directly with then Warden Tim McConahay and advised him of the stabbing and of his advance notice to Unit Manager Kennard and how after the incident Inspector Lisa Booth told Plaintiff to keep his mouth shut.

35. All the same information was contained in grievance to McConahay. The grievance control number was 0422002847.

36. On April 5, in another grievance filed and answered on the same day by Inspector Booth. Inspector Booth deemed Plaintiff a snitch and Plaintiff was warned to "keep the Inspector's name out of your mouth"

37. On April 13, 2022, Inspector Booth met with Plaintiff. Booth had in her possession a large locker box confiscated from Plaintiff's cell which was full of Plaintiff's legal documents, court files and law books, and advised Plaintiff the material was considered contraband.

38. Booth ordered Plaintiff to sign a form to consent to have the materials destroyed.

39. Plaintiff refused to consent and was issued a disciplinary ticket.

40. Plaintiff was found guilty of possessing contraband and Administrate Assistant David Robinson acting in place or Warden McConahay ordered his materials destroyed.

41. In addition, Inspector Booth banned Plaintiff from filing any grievances for a period of 90 days.

**FACTS SURROUNDING SEPTEMBER 2023 ASSAULT**

42. Plaintiff incorporates paragraphs 1- 41 as if fully rewritten herein.

43. On September 1, 2023, Plaintiff was exiting the chow hall line when he heard his name called from behind. As Plaintiff turned his head, he was struck blindside in the side of his head with a closed fist by the inmate who had exited the chow line in front of him.

44. The inmate was later identified as Christopher Adams #780920, whom Plaintiff had never met or spoken to nor had any incident occurred in the chow line that would have caused the attack.

45. The assault was unprovoked.

46. As a result of the attack, Plaintiff was taken to the infirmary.

47. Plaintiff spoke to a nurse, who quickly stated to the guards Plaintiff was OK and could be returned to his cell.

48. Despite having been initially, semi-conscious from the blow to the head, Plaintiff was not checked for a possible concussion or other injuries.

49. For 2-3 days after the assault plaintiff had trouble with equilibrium. He also had headaches that lasted over two weeks.

50. Plaintiff was never seen by a medical doctor.

51. The assault was never reported to law enforcement.

52. Plaintiff filed grievances, first to the institution's Inspector Dana Blakenship and then the Chief Inspector concerning the assault and not having been reported to law enforcement.

53. In retaliation, Blakenship and the Chief Inspector again issued an Order banning Plaintiff from filing any grievances for 90 days.

54. It was later learned by Plaintiff, that a combined intentional effort had been made to coverup the assault.

55. It was made to look like Adams had been properly disciplined and appeared before a Rules Infraction Board (R.I.B)

56 However, after discovery in a companion Court of Claims case was received it was learned that no

disciplinary hearing was held.

57. According to the documents initially produced by M.A.N.C.I. officials Adams appeared before the Board on September 5, 2023, and was found guilty of the assault

58. Official records later proved Adams was actually released from prison on parole on September 3, 2023, two days before the hearing supposedly took place.

59. Subsequent to the alleged hearing Administrative Assistant, David Robinson, acting on behalf of the Warden, modified the judgment against Adams to not guilty.

60. Blakenship, in responding to the grievances filed by Plaintiff wrote they were "illegitimate" and "frivolous" and further stated that there was no violation of any rule nor regulation and no violation of law by Adams.

61. All videos of the incident, including both correction officer body cams and mounted surveillance video were confiscated by Blakenship and ultimately ordered destroyed by Blakenship and Robinson.

## COUNT ONE
### Violation of the Eighth Amendment
### Cruel & Unusual Punishment
### Duty to Protect

62. Plaintiff incorporates paragraphs 1- 61 as if fully rewritten herein.

63. Defendant, McConahay demonstrated a deliberate indifference to conditions that posed a substantial risk of serious harm to Plaintiff, when upon arrival at M.A.N.C.I. he ordered

Plaintiff to be placed in general population, ignoring the Protective Control Order issued while the Plaintiff was incarcerated at Trumbull Correctional Institution.

64. Defendant's actions resulted in Plaintiff being seriously injured when he was stabbed on March 18, 2022.

## COUNT TWO
### Violation of the Eighth Amendment
### Cruel & Unusual Punishment
### Duty to Protect

65. Plaintiff incorporates paragraphs 1- 64 as if fully rewritten herein.

66. Defendant, James Kennard, demonstrated a deliberate indifference to conditions that posed a substantial risk of serious harm to Plaintiff when on the morning of March 18, 2022 he ignored the notice from Plaintiff that his cellmate had a knife and had threatened to stab him.

67. Defendant's actions resulted in Plaintiff being seriously injured when he was stabbed on March 18, 2022.

## COUNT THREE
### Violation of the Eighth Amendment
### Duty to Protect

68. Plaintiff incorporates paragraphs 1- 67 as if fully rewritten herein.

69. Defendant, Mathew Murin, John Doe Correction Officers One, Two and Three demonstrated a deliberate indifference to conditions that posed a substantial risk of serious harm to Plaintiff, when they failed to intervene when Defendant was being attacked on March 18, 2022 and actually cheered for the assailant during the attack.

70. Defendants' actions resulted in Plaintiff being seriously injured as a result of the attack.

## COUNT FOUR
### Violation of the Eighth Amendment
### Cruel & Unusual Punishment

71. Plaintiff incorporates paragraphs 1- 70 as if fully rewritten herein.

72. Despite the fact Plaintiff being a victim of a brutal attack, he was placed in the hole. Subsequent to his initial placement by corrections officers, the actions were ratified by McConahay and Blakenship, by requiring the Plaintiff to remain the hole for 11 days despite full knowledge that he had committed no offense.

## COUNT FIVE
### Violation of the First Amendment
### Absolute Right to File Valid Grievances

73. Plaintiff incorporates paragraphs 1- 72 as if fully rewritten herein.

74. Plaintiff, in filing grievances regarding the March 18, 2022, attack was exercising his constitutional rights under the First Amendment.

75. The actions of Defendant Booth along with the Chief Inspector in banning Plaintiff from filing grievances for 90 days constituted a violation of Plaintiff's First Amendment rights.

## COUNT SIX
### Violation of the First Amendment
### Seizure of Legal Materials

76. Plaintiff incorporates paragraphs 1- 75 as if fully rewritten herein.

77. Defendant Booth's seizure and her order along with order of Defendant Robinson ordering the destruction of Plaintiff's legal materials constituted a violation Plaintiff's First Amendment rights, in that Plaintiff was denied access to the Courts.

## COUNT SEVEN
### Violation of the First Amendment
### Retaliation

78. Plaintiff incorporates paragraphs 1- 77 as if fully rewritten herein.

79. Plaintiff in filing a valid grievance in reference to the attack of March 18, 2022 was exercising his constitutional right as guaranteed under the First Amendment.

10

80. The seizure of his legal materials and destruction as well as the ban placed on Defendant with regard to filing grievances both constituted retaliation for Plaintiff exercising his protected right.

### COUNT EIGHT
### Spoliation

81. Plaintiff incorporates paragraphs 1- 80 as if fully rewritten herein.

82. The intentional destruction of both photos and videos of the March 18, 2022 attack constitute spoliation.

### COUNT NINE
### Violation of the Eighth Amendment
### Duty to Protect

83. Plaintiff incorporates paragraphs 1- 82 as if fully rewritten herein.

84. After the March 22, 2022 stabbing attack, Defendant McConahay had clear subjective knowledge of the potential risk of serious physical harm to the Plaintiff.

85. Despite having such knowledge, McConahay not only did not place Plaintiff under Protective Control, he also ordered reassignment to Unit 4A from Unit 4D demonstrating a deliberate indifference to the potential risk of physical harm to Plaintiff.

86. McConahay was assisted in his actions by Defendants Booth and Kennard. Defendants' actions ultimately led to the injury of Plaintiff in the September 1, 2023 attack.

### COUNT TEN
### Violation of Eighth Amendment
### Failure to Provide Adequate Medical Care

87. Plaintiff incorporates paragraphs 1- 86 as if fully rewritten herein.

88. After the September 1, 2023 attack by Adams against him, Plaintiff was never seen by a medical doctor and also not even examined for possible injury by the on-duty nurse.

11

89. As a result of the attack Plaintiff experienced symptoms of a concussion for approximately two weeks which were never addressed.

## COUNT ELEVEN
### Violation of the First Amendment
### Absolute Right to File Valid Grievances

90. Plaintiff incorporates paragraphs 1- 89 as if fully rewritten herein.

91. Plaintiff, in filing grievances regarding the September 1, 2023 attack, was exercising his constitutional rights under the First Amendment.

92. The actions of Defendant Blakenship along with the Chief Inspector in banning Plaintiff from filing grievances for 90 days constituted a violation of Plaintiff's First Amendment rights.

## COUNT TWELVE
### Violation of the First Amendment
### Retaliation

93. Plaintiff incorporates paragraphs 1- 92 as if fully rewritten herein.

94. Plaintiff in filing a valid grievance in reference to the attack of September 1, 2023 was exercising his constitutional right as guaranteed under the First Amendment.

95. The 90-day ban placed on Defendant by Blakenship and the Chief Inspector with regard to filing grievances constituted retaliation for Plaintiff exercising his protected right.

## COUNT THIRTEEN

### Spoliation

96. Plaintiff incorporates paragraphs 1- 95 as if fully rewritten herein.

97. The destruction of all videos and the falsification of evidence related to the September 1, 2023 attack constitutes spoliation.

Respectfully submitted,

*/s/ Larry D. Shenise*
Larry D. Shenise (0068461)
P.O. Box 357
Rootstown, OH 44272
(330) 472-5622
(877) 583-4874 Fax
ldshenise@sheniselaw.com