IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DARRYL SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>ANETTE CHAMBERS-SMITH,<br><br>    Defendant. | CASE NO. 1:24-cv-505<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Darryl Smith has filed a document styled as "Plaintiff's notice of his non consent to disposition by magistrate (28 USC 636(c4)." Doc. 48, at 1. Construing this filing as motion to withdraw consent to proceed before a magistrate judge, I recommend that the motion be denied.[1]

*Background*

With the assistance of counsel, Larry D. Shenise, Smith filed this action in March 2024. Doc. 1. The next day, the Clerk issued to the parties' attorneys a form on which the parties could indicate their consent or non-consent to the exercise of jurisdiction by a Magistrate Judge. *See* Doc. 2. The form and information attached to it referenced 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 73.1. These documents informed the parties that

---

[1] For reasons that are discussed below, a motion to vacate consent must be decided by a district judge. *See* Fed. R. Civ. P. 73(b)(3).

the decision whether to consent to the exercise of jurisdiction by a Magistrate Judge "is entirely voluntary." *Id.* at 2. They also provided that the parties' "response is joint, and disclosure of individual decisions is not required." *Id.*

In December 2024, the Court granted in part and denied in part Defendants' motion to dismiss. Doc. 34. The next month, the Court scheduled a case management conference. Doc. 36. In response, the parties filed a report of their planning meeting. Doc. 37; *see* Fed. R. Civ. P. 26(f). In that report, which was signed by Shenise and Defendants' counsel, the parties stated that they "do … consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c)." Doc. 37, at 2. The Court then transferred this case in accord with the parties' consent. *See* non-document order (Feb. 24, 2025).

In early July 2025, the Court held a status conference, during which Shenise explained that he intended to move to withdraw. That same day, the Court received Smith's June 25, 2025 "notice" of his termination of Shenise. Doc. 41. In this notice, Smith stated that he had "fired" Shenise "as of" June 25, 2025. *Id.* at 1. Attached to this notice was a notice that Smith sent to Shenise informing him of the termination. *See* Doc. 41-1.

Construing Smith's notice as a motion, the Court granted it and also granted a 30-day stay of case deadlines to allow Smith time to seek replacement counsel. *See* non-document order (July 22, 2025). The Court then held a telephonic status conference on August 25, 2025, at which Smith

2

appeared without counsel. *See* Doc. 43. The next day, the Court set a new pretrial schedule. *See* Doc. 45.

Smith filed his notice of non-consent in September 2025. Doc. 48. In his notice, Smith stated "that he does not consent to any dispositions, decisions nor adjudications nor trial by magistrates."[2] *Id.* Smith recited that he "fired" Shenise on June 25, 2025, and stated that he "never consented to any disposition, trial nor adjudications by magistrate and never signed anything to do so. Any such consent by the fired attorney was unauthorized and now withdrawn." *Id.*

*Discussion*

"The Federal Magistrate Act of 1979 expanded the power of magistrate judges by authorizing them to conduct 'any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case,' as long as they are 'specially designated ... by the district court' and are acting 'upon the

---

[2] Notably, Smith filed this action in federal court. And in federal courts, the title *magistrate* hasn't existed since 1990 when it was changed from *magistrate* to *magistrate judge*. *See* Judicial Improvements Act of 1990, Pub. L. No. 101-650, § 321, 104 Stat. 5089 (1990) ("After the enactment of this Act, each United States magistrate ... shall be known as a United States magistrate judge."). "[T]he word 'magistrate' is [thus] no longer appropriately used as a noun in federal courts, but only as an adjective, indicating the type of judge to which one is referring. It is the equivalent of calling a district judge 'district,' a bankruptcy judge 'bankruptcy' or a circuit judge 'circuit.'" *Bird v. Nat'l Aeronautics & Space Agency*, No. 20-cv-275, 2022 WL 90515, at *1 n.1 (S.D. Tex. Jan. 7, 2022).

consent of the parties.'"[3] *Roell v. Withrow*, 538 U.S. 580, 582 (2003) (quoting 28 U.S.C. § 636(c)(1)). The procedure for consenting to the exercise of jurisdiction by a magistrate judge is governed by 28 U.S.C. § 636(c)(2). "If a magistrate judge is designated to exercise civil jurisdiction [under § 636(c)(1)], the clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate judge to exercise such jurisdiction." 28 U.S.C. § 636(c)(2). "The decision of the parties shall be communicated to the clerk of court." *Id*. Federal Rule of Civil Procedure 73(b), which implements Section 636(c), provides that "[t]o signify their consent, the parties must jointly or separately file a statement consenting to the referral." Fed. R. Civ. P. 73(b)(1). "A district judge or magistrate judge may be informed of a party's response to the clerk's notice only if all parties have consented to the referral." *Id*. The parties' consent need not take a particular form. *See Kadonsky v. United States*, 216 F.3d 499, 502 (5th Cir. 2000).

The traditional rule in civil litigation is that, having chosen his attorney, a litigant "cannot … avoid the consequences of the acts or omissions of [his] freely selected agent." *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962). It follows that because "counsel is the client's agent[,] the client need not sign documents personally. Indeed, there is no need to get the client's specific

---

[3] This Court's local rules provide that on "consent of the parties, all Magistrate Judges are specifically designated within the meaning of 28 U.S. C. § 636(c)(1) to conduct any and all proceedings in jury or non-jury civil matters, to order entry of judgment and to adjudicate any post-judgment matters." L.R. 72.1.

approval for each step taken in litigation." *Noah v. Mancari's Chrysler Plymouth Jeep Eagle, Inc.*, 57 F. App'x 708, 709 (7th Cir. 2003). Rather, "[a]ttorneys can consent on behalf of their clients as long as they had apparent authority to do so." *Gevas v. Hoskinson*, No. 11-cv-325, 2014 WL 886354, at *3 (S.D. Ill. Mar. 6, 2014) (citing *Noah*, 57 F. App'x at 709); *see Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, No. 04-civ-9651, 2011 WL 70593, at *2 (S.D.N.Y. Jan. 10, 2011) (stating that "[a]n attorney's consent on behalf of his or her client binds the client" as "the general rule that an attorney has the authority as an agent to bind a client on actions taken within the scope of the attorney's authority applies, and an attorney's consent to proceed before a magistrate judge is sufficient under the statute.") (citation omitted); *Howlett v. School Bd. of City of Norfolk*, No. 200cv168, 2001 WL 34047321, at *3 (E.D. Va. Apr. 9, 2001) ("Several courts have addressed a party's claim that it did not consent to proceed before a magistrate judge, but that counsel unilaterally consented. These courts have overwhelmingly held that an attorney may consent on behalf of a party to proceed before a magistrate judge, and that the consent is binding on the party.") (citations omitted).

Here, Smith does not claim that Shenise was not his counsel when Shenise signed the document on which he indicated Smith's consent to proceeding before a magistrate judge. Rather, Smith attempts to retroactively withdraw that consent based on his later decision to terminate his attorney-client relationship with Shenise. But there is no absolute right to withdraw

consent. *Forsyth v. Brigner*, 156 F.3d 1229, 1998 WL 415841, at *2 (6th Cir. 1998) (table) ("A party in a civil case has no absolute right to withdraw consent to trial and other proceedings before a magistrate judge."). Because Shenise was authorized to act on Smith behalf when Shenise granted consent, Smith is bound by Shenise's action taken within the scope of that authority. *Brown v. AmSouth Bank*, No. 15-5468, 2016 WL 4271874, at *3 (6th Cir. Mar. 23, 2016) ("Here, the Browns' counsel consented to the referral of this case to the magistrate judge, and the Browns are bound by that decision."); *see United States v. Muhammad*, 165 F.3d 327, 331 (5th Cir. 1999) (upholding an attorney's consent to proceed before a magistrate judge as binding upon the party; "As the Supreme Court [has] recognized ..., our judicial system is based on 'representative litigation, in which each party is deemed bound by the acts of his lawyer-agent.' ... One can only imagine the havoc that would ensue should we allow otherwise.") (internal citations omitted).

To show that a Court should vacate a reference to a magistrate judge, a litigant must present extraordinary circumstances. Fed. R. Civ. P. 73(b)(3). The term *extraordinary circumstances* "remains undefined." *Sutphen v. Midwest Constr. Servs., Inc.*, No. 20-cv-0648, 2023 WL 3453644, at *5 (N.D. Ohio May 15, 2023) (citing *Murret v. City of Kenner*, 894 F.2d 693, 695 (5th Cir. 1990)). The only supporting basis that Smith cites in his notice is the fact that he fired Shenise. Whatever *extraordinary circumstances* means in this context, it cannot include the ordinary decision to fire counsel. So Smith's decision to

6

fire Shenise does not provide a basis to vacate the Court's referral to a magistrate judge. *See Dale v. Biegasiewicz*, No. 17-cv-1211F, 2021 WL 2187148, at *2 (W.D.N.Y. May 28, 2021) ("Demonstrating the requisite 'extraordinary circumstances' is difficult." (citation omitted)), *aff'd sub nom. Dale v. Raczynski*, No. 21-1602, 2022 WL 4479528 (2d Cir. Sept. 27, 2022).

One final point. Rule 73(b)(3) makes explicit that only "the district judge" may vacate a reference to a magistrate judge. *Branch v. Umphenour*, 936 F.3d 994, 1002 (9th Cir. 2019). In unpublished decisions, the Sixth Circuit has both issued a decision permitting a magistrate judge to rule on a motion to vacate and a decision finding that only a district judge may rule on such a motion. *Compare Moses v. Sterling Com. (Am.), Inc.*, 122 F. App'x 177, 181 (6th Cir. 2005) ("It was therefore appropriate for Magistrate Judge King to rule on Moses's request to vacate the reference, dismiss his action with prejudice, impose sanctions, and decline to disqualify the defense attorneys."), *with Milhous v. Metro. Gov't of Nashville & Davidson Cnty.*, 221 F.3d 1335, 2000 WL 876396, at *1 (6th Cir. 2000) (table) ("It is clear that once a case has been referred to a magistrate under § 636(c), the district judge is the only one who can withdraw the reference."). Given this conflict and the express language of Rule 73, the better course is to issue a report and recommendation on Smith's motion. *See Jones v. Ridder*, No. 19-cv-599, 2021 WL 1572280, at *3 (S.D. Ohio Apr. 22, 2021).

*Conclusion*

The Court should deny Smith's notice, construed as a motion, to vacate referral to a magistrate judge.

Dated: September 15, 2025

            /s/ *James E. Grimes Jr.*
            James E. Grimes Jr.
            U.S. Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–531 (6th Cir. 2019).